James H. Hohenstein
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY  10007-3189
(212) 513-3200
Telefax:  (212) 385-9010
E-mail:  jim.hohenstein@hklaw.com
         lissa.schaupp@hklaw.com

Attorneys for Plaintiff,
James N. Hood as Liquidating Trustee of the
Oceantrade Corporation Liquidating Trust

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES N. HOOD AS LIQUIDATING TRUSTEE
OF THE OCEANTRADE CORPORATION
LIQUIDATING TRUST,

     Plaintiff,

  -against-

C&SHIPPING CO., LTD. a/k/a C & SHIPPING
CO., LTD. f/k/a SEVEN MOUNTAINS SHIPPING
CO., LTD. a/k/a SEVEN MOUNTAIN SHIPPING
CO., LTD.,

     Defendant.

---

08 Civ. 3575 (LAK)

**AFFIDAVIT
IN SUPPORT
OF ATTACHMENT**

STATE OF NEW YORK  )
         ) ss:
COUNTY OF NEW YORK  )

  James H. Hohenstein, being duly sworn, deposes and says:

1.  I am a member of the firm of Holland & Knight LLP, attorneys for plaintiff James N. Hood as Liquidating Trustee of the Oceantrade Corporation Liquidating Trust, and I am duly admitted to practice before the United States District Court for the Southern District of New York.

2.  I am familiar with the facts and circumstances underlying this dispute and I am submitting this affidavit in support of the Verified Complaint and the Writ of Attachment.

3.  Upon information and belief, Seven Mountains Shipping Co., Ltd. is now known as and does business as C&Shipping Co., Ltd. and/or C & Shipping Co., Ltd. ("CNS" or "Defendant"). The CNS website, www.cn-shipping.co.kr/eng/, states that in July 2006 it was "renamed from Seven Mountain Shipping to C&Shipping Co."

4.  Upon information and belief, "Seven Mountains Shipping Co., Ltd." and "Seven Mountain Shipping Co., Ltd." were (and *are* to the extent this entity still exists) one and the same entity ("Seven Mountain").

5.  Undersigned counsel is mindful of the due diligence requirements related to the inquiry of whether a particular defendant is "found" in this jurisdiction for the purpose of a Supplemental Rule B attachment. Undersigned counsel is equally mindful that in order to be "found" there are two requirements, both of which must be satisfied: first, the defendant must be capable of being served with process in the jurisdiction; and second, the defendant must have a presence here sufficient to support the exercise of *in personam* jurisdiction. As to the second requirement, what must be established is that the defendant is engaged in a systematic and continuous course of doing business in the jurisdiction so as to warrant a finding that the

defendant has a presence here.[1]

6. As will be seen below, CNS is a foreign business corporation registered to do business in New York. However, CNS did not designate our agent for the service of person, thus process can be served on the New York Department of State ("DOS"). When served with process the DOS will mail process to CNS to a purported address for CNS in this District. Thus, I submit that CNS does not meet the requirements of the first prong, since process is to be served on DOS, which is in Albany and is not in this jurisdiction. Arguably process could be served at CNS' listed office within this jurisdiction, however, for the reasons stated below, effective service would be problematic, if not impossible.

7. Our Firm's investigation as to CNS' purported address in this District indicates that it is a sham, and as to the second prong of the requirement nothing at all has been identified to indicate that CNS has a presence in this jurisdiction. Thus, it is respectfully submitted that the Defendant is not "found" here for the purposes of Supplemental Rule B.

8. Under my supervision, our office contacted the New York Secretary of State for the State of New York, and was advised that CNS is a foreign business corporation authorized to do business in New York.

9. According to the DOS, CNS has the following address in this District: 450 Seventh Avenue, Suite 2304, New York, New York, 10123. According to the DOS, it will mail

---

[1] Moreover, undersigned counsel specifically brings to the Court's attention that there is a split of authority among the District Courts on this question, namely, "whether Defendant's registration in New York State as a foreign corporation and its consent to this Court's jurisdiction taken together, are sufficient to establish under Rule B that defendant can be 'found' for jurisdictional purposes within the District." *Centauri Shipping Ltd. V. Western Bulk Carriers KS*, 528 F. Supp.2d 186, 191 n.6 (S.D.N.Y. 2007) (citing *Express Sea Transport Corp. v. Novel Commodities, S.A.*, No. 06-CV-2404 (GEL) (Tr. of Oral Decision issued on May 4, 2006) S.D.N.Y. 2006) and *Erne Shipping Inc. v. HBC Hamburg Bulk Couriers GmbH Co. KG*, 409 F.Supp.2d 427, 438 (S.D.N.Y. 2006). As this is an *ex parte* application, the issue of consent is not (yet) relevant. Nevertheless, it is respectfully submitted that under the facts of this case, as recounted here, as in *Erne*, the simple fact of the registration in New York State when coupled with the absence of any indicia of a real presence supports the validity of this application.

process if accepted on behalf of CNS to the above address.

10. CNS also is listed in the Transportation Tickler as having the same address as indicated by the DOS.

11. Under my supervision and instruction, on or about January 23, 2008, a paralegal from our office visited 450 Seventh Avenue, Suite 2304, New York, New York, 10123 which was CNS's address stated by the DOS and the Transportation Tickler. The security guards at the above address advised our paralegal that no such company exists as a tenant and that they had never heard of such a tenant. The paralegal proceeded to Suite 2304 at the same address and was informed by the occupant of Suite 2304 that CNS did not exist at that address.

12. Based on our firm's investigation, it does not appear that 450 Seventh Avenue, Suite 2304, New York, New York, 10123 is the address of an actual place of business of CNS.

13. Our search of the Westlaw Company Directory did not indicate any listing for C&Shipping Co., Ltd. in New York, nor did the online phone directory Superpages.

14. Based on the above, to the best of my information and belief, Defendant cannot be found within this District or within the State of New York.

15. Based upon the facts set forth in the Verified Complaint, I respectfully submit that defendant CNS is liable to Plaintiff for the damages alleged in the Verified Complaint, which amounts, as best as can be presently determined, to a total of $147,638.96.

16. Upon information and belief, Defendant C&Shipping Co., Ltd. a/k/a C & Shipping Co., Ltd.[2] has property, goods, chattels or effects within this jurisdiction, to wit: funds

---

[2] Given C&Shipping's announcement of its company's change of name, the attachment process is not directed at the company's former name.

or accounts held in the name(s) of C&Shipping Co., Ltd. and/or C & Shipping Co., Ltd. at one or more of the following financial institutions:

ABN Amro Bank

American Express Bank

Banco Popular

Bank of America, N.A.

Bank of China

Bank Leumi USA

The Bank of New York

BNP Paribas

Calyon Investment Bank

Citibank, N.A.

Commerzbank

Deutsche Bank Trust Company Americas

HSBC Bank USA, N.A.

JPMorgan Chase Bank, N.A.

Standard Chartered Bank

Société Générale

UBS AG

Wachovia Bank, N.A.

China Trust Bank

Great Eastern Bank

Industrial Bank of Korea

Nara Bank

Shin Han Bank

United Orient Bank

17. Plaintiff is, therefore, requesting that this Court, pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, issue a writ of maritime attachment for an amount up to $147,638.96.

**WHEREFORE**, Plaintiff respectfully requests that the application for a writ of maritime attachment and garnishment be granted.

_____
James H. Hohenstein

Sworn to before me this
11 day of April, 2008

_____
Notary Public

# 5167818_v1

DIALYZ E. MORALES
Notary Public, State Of New York
No. 01MO6059215
Qualified In New York County
Commission Expires June 25, 2011

6